UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM PEREZ**, *et al.*, | ) | **CASE NO. 1:15 CV 701** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **LAW OFFICES OF** | ) | **AND ORDER** |
| **JOHN D. CLUNK, CO. L.P.A.**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiffs William Perez and Alicia Ruitto filed this action under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and 18 U.S.C. §§ 24, 242, 641, 1341, 1342, and 2315 against the Law Offices of John D. Clunk, Co., LP.A. ("Law Firm"), Bayview Loan Servicing, LLC. ("Bayview"), and the Cuyahoga County Sheriff's Office ("Sheriff's Office").  In the Complaint (Doc. # 1), Plaintiffs challenge the validity of a commercial mortgage loan, which was the subject of a foreclosure action in the Cuyahoga County Court of Common Pleas.  *See Bayview Loan Servicing, LLC v. Perez*, No. 787650 (Cuyahoga Cty Ct. Comm. Pl. Mar. 25, 2015).  They seek monetary damages and legal title to the commercial property.

## I.  BACKGROUND

Plaintiff Alicia Ruitto purchased a commercial property on 9613 Madison Avenue, Cleveland, Ohio.  She was the record title holder of the property.  In 2004, Ruitto executed a mortgage on the property in the sum of $ 116,350.00 in favor of Interbay Funding, LLC.  Perez

did not sign the mortgage.  That mortgage was assigned to Bayview.

In 2012, Bayview filed a foreclosure action in the Cuyahoga County Court of Common Pleas.  *See Bayview Loan Servicing, LLC v. Perez*, No. 787650 (Cuyahoga Cty Ct. Comm. Pl. Mar. 25, 2015).  Perez filed an answer and numerous other *pro se* documents claiming to be Ruitto's common law husband, and indicating he had dower interests in the property superior to Bayview's mortgage.  Bayview filed a Motion for Summary Judgment.  They supplemented the Motion on August 8, 2014 to address Perez's purported dower interest.  On January 23, 2014, the Magistrate Judge determined there was no credible evidence that Perez was Ruitto's common law husband, and Perez had no interest in the property or the foreclosure action.  The court adopted the Magistrate's decision on February 18, 2015.

The Magistrate granted summary judgement to Bayview on March 6, 2015.  In that decision, he reiterated that Perez had no interest in the subject property and the claims against him were previously dismissed.  Judgment was granted to Bayview in the amount of $103,193.25 plus interest from April 1, 2011.  The property was ordered to be sold a sheriff's sale.  That order was adopted by the court on March 31, 2015.

The Cuyahoga County Court of Common Pleas docket indicates Plaintiffs filed a Notice of Removal of the foreclosure action to this federal court on April 9, 2015.  No such Notice of Removal was filed in this Court.  Instead, Plaintiffs filed a new civil action on April 9, 2015, listing Bayview, the Law Firm, and the Sheriff's Office as Defendants.

In this Complaint, Plaintiffs contend they signed an unconscionable contract to purchase property located at 3952 Circlewood Dr., Cleveland, Ohio.  The Circlewood Drive property appears to a residential property and was not the subject of the foreclosure action.  They contend

the purchase of this property constituted "fraud in the factum" because they were not aware they were signing a promissory note or that the lender was obtaining a promissory note.  (Doc. # 1 at 2).  They allege they believed they were obtaining a loan for the property.  They assert the lender "created funds obtained by Petitioner's signature on the promissory note."  They indicate the property was in their name first before a lien was put on the title.  Plaintiffs allege there was never a physical exchange of money at the closing of the purchase.

Plaintiffs then indicate the Defendants filed a foreclosure action against them in 2012, referring to the foreclosure action on Ruitto's Madison Avenue commercial property. They assert that pursuant to the National Housing Act, in order for a mortgagee to initiate a foreclosure action, certain requirements must be met.  They indicate an "organizational certificate [must] be acknowledged before a judge of some court of records and [must], with the acknowledgment, [be] authenticated by the court and transmitted to the Comptroller of Currency, who shall record and preserve the same in his office."  (Doc. #1 at 5).  They claim Bayview had no right to accept the assignment of the mortgage.  They also contend they have a common law marriage and the durable power of attorney purportedly executed by Alicia Ruitto, provides Perez with an interest in the Madison Avenue property.

Plaintiffs assert eight claims for relief.  First they indicate the Defendants denied them "due course justice" and equal protection under color of state law.  (Doc. #1 at 6).  They seek relief under 42 U.S.C. § 1983.  Second, they allege the Defendants conspired to violate their constitutional rights by going "in disguise to hold a sheriff's sale."  (Doc. # 1 at 6).  They contend this is a violation of 42 U.S.C. § 1985, entitling them to damages under 42 U.S.C. § 1986.  Third, Plaintiffs assert the court neglected to prevent a sale of the property.  Fourth, they

assert the Defendants are liable for malicious abuse of process.  Fifth, they assert the Defendants are criminally liable to them under 18 U.S.C. §§ 241 and 242.  Sixth, they assert claims of intentional infliction of emotional distress.  Seventh, they assert the Defendants are criminally liable for mail fraud in violation of 18 U.S.C. §§ 1341 and 1342.  Finally, Plaintiffs asserts they were induced into signing a fraudulent promissory note in violation of 18 U.S.C. § 2315.  Although not formally stated as a cause of action, Plaintiffs also assert the Defendants aided and abetted in a conspiracy to commit larceny in violation of 18 U.S.C. § 641.  They seek monetary damages in the amount of $ 2,400,000.00 and free and clear title to the "subject property." (Doc. #1 at 15).

The Law Firm filed a Motion for Judgment on the Pleadings pursuant to Federal Civil Procedure Rule 4, and Rule 12(f).  (Doc. #6).  They first indicate they have not been properly served with the complaint in this matter.  In addition they contend: (1) Plaintiffs cannot assert constitutional claims against private parties under 42 U.S.C. § 1983; (2) Plaintiffs are not members of a protected class to assert a conspiracy claim under 42 U.S.C. § 1985; (3) Plaintiffs cannot maintain a private criminal action; (4) Plaintiffs cannot assert abuse of process claims for instituting a proper legal action and litigating through to judgment; (5) Plaintiffs failed to allege any outrageous conduct for an intentional infliction of emotional distress claim; and (6) statements made during court proceedings cannot be used as the basis for a common law fraud claim.  They state this Court lacks subject matter jurisdiction to entertain this action.

Bayview filed a Motion to Dismiss the Complaint under Federal Civil Procedure Rule 12(b)(6).  (Doc. #8).  Bayview claims that as private parties, they cannot be held liable under 42 U.S.C. § 1983.  They assert Plaintiffs did not allege class-based discrimination as required to

-4-

state a claim under 42 U.S.C. § 1985.  They contend they did not owe a duty to Plaintiffs and

therefore did not neglect to prevent injury to them.  They also assert that this claim is

unintelligible.  They indicate Plaintiffs have not alleged sufficient facts to suggest the

foreclosure process was perverted or brought for an improper purpose.  They assert Plaintiffs

cannot bring criminal charges against them in a civil action.  They claim Plaintiffs did not allege

they engaged in outrageous actions to state a claim for intentional infliction of emotional

distress.

Finally, the Sheriff's Office filed a Motion to Dismiss pursuant to Federal Civil

Procedure Rule 12(b)(1) and (12)(b)(6).  (Doc. #16).  They assert the Plaintiffs are barred from

litigating this case under the Rooker-Feldman Doctrine and the Younger Doctrine.  They claim

the Plaintiffs are attempting to collaterally attack the state court judgment in the foreclosure

case, the injury was caused by the state court judgment,  and this Court lacks subject matter

jurisdiction to consider Plaintiffs' claims.  Alternatively, they assert the Plaintiffs' Complaint is

so vague and stated only through "buzz words" that it fails to state a viable claim for relief.

They indicate it lacks a coherent legal theory and should be dismissed on that basis.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over

the subject matter" of claims asserted in the Complaint.  Fed.R.Civ.P. 12(b)(1).  Generally,

Fed.R.Civ.P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks.

Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack

tests the adequacy of the complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974), overruled

on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984), while a factual attack evaluates the

actual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio 1997).  The importance of this distinction has to do with the nature of the Court's consideration of the facts and allegations presented in connection with the Rule 12(b)(1) motion.  If the motion presents a facial attack, the Court must take all of the material allegations in the Complaint as true and construe them in the light most favorable to the non-moving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)(citing *Scheuer*, 416 U.S. at 235-37). In contrast, if the motion presents a factual attack, then the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the Plaintiff the presumption of truthfulness.  *Ritchie*, 15 F.3d at 598; *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *see also Ernst v. Rising*, 427 F.3d 351, 372 (6th Cir. 2005).  The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1).  *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Lack of subject matter jurisdiction is a non-waivable, fatal defect.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what a Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether a Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff,

accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III.  ANALYSIS

#### A.    Circlewood Drive Property

As an initial matter, the Complaint mentions both the property on Circlewood Drive, and

the commercial property on Madison Avenue.   It is not clear whether Plaintiffs intended to assert claims with respect to both the Circlewood Drive Property and the Madison Avenue property, or whether the reference to Circlewood was a typographical error.  The commercial property is the only property concerned in the foreclosure action.  In the Complaint, Plaintiffs contend they signed an unconscionable contract to purchase the property located at 3952 Circlewood Drive, Cleveland, Ohio.  They allege the contract was unconscionable because they were not aware that they were signing a promissory note.

To the extent Plaintiffs intended this statement to apply to their purchase of the Circlewood Drive property, there are no allegations in the Complaint to suggest how the Law Firm, Bayview, or the Sheriff's Office were involved in that transaction.  Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The Complaint simply contains no facts which reasonably associate the Defendants named in this federal action to any of the claims set forth in the Complaint.  Any claims pertaining to the purchase of that property are dismissed under Federal Civil Procedure Rule 12(b)(6).

### B.     Madison Avenue Property - Standing

To the extent that the reference to the Circlewood property was a typographical error, and all allegations were intended to refer to the Madison Avenue property, William Perez lacks standing to bring this action.  The Cuyahoga County Court of Common Pleas already determined that Perez lacks standing to assert claims pertaining to the foreclosure because he

-8-

did not sign the mortgage, was not the record title holder of the property, and legally was not the common law husband of Ruitto.  Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings.  Federal Courts must give the same preclusive effect to a state-court judgments and decisions as those judgments and decisions would receive in the state courts.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).

In Ohio, the doctrine of issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action."  *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc*., 80 Ohio St.3d 212, 217 (1997).  Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action."  *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).  In this case, the Common Pleas Court addressed the issue of Perez's standing and determined he had no interest in the property or the foreclosure litigation.  This Court must give full faith and credit to that decision.  Therefore, Perez lacks standing to assert any claims pertaining to the mortgage on the Madison Avenue property, or the foreclosure action based on that mortgage.

Moreover, Perez has already been informed by this Court that he cannot use a durable power of attorney to appear and litigate on behalf of Ruitto.   Under 28 U.S.C. § 1654, cases in the courts of the United States may be conducted only by the parties personally or through a licensed attorney.  The statute does not allow for an unlicensed layman to represent anyone in federal court other than himself, even with a durable power of attorney.  *See Shepherd v.*

*Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002); *J.M. Huber Corp. v. Roberts,* No. 88-6160,

1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989); *Huff v. First Energy Corp*., No. 5:12cv2583,

2013 WL 3715174, at *3-4  (N.D. Ohio July 15, 2013).  The Court lacks subject matter

jurisdiction to entertain any claims filed by Perez on behalf of Ruitto.

　　　**C.**　　　**Failure to State a Claim**

　　　This leaves the claims of Ruitto pertaining to the Madison Avenue property, and those

claims fails to meet basic notice pleading requirements to state a claim upon which relief may

be granted.  Her Complaint contains very few factual allegations.  While the parties have been

litigating the foreclosure matter in state court for the past three years and are familiar with the

factual background that gave rise to that action, this Court has only the pleading in front of it,

and the Motions filed by the parties.  Plaintiff states she purchased property but was not aware

she was signing a promissory note.  She states that an unknown monetary amount was acquired

by the Defendants when they obtained a "blue ink signature on the promissory note."  (Doc. # 1

at 2).  She claims there was "fraud in the inducement" and rights cannot be acquired by fraud.

The remainder of the pleading is composed entirely of legal rhetoric.  There is not even an

explanation as to how the Law Firm, Bayview, and the Sheriff's Office relate to the facts

alleged.  Indeed, the Law Firm, the Sheriff's Office, and Bayview do not appear to have had

anything to do with the signing of the Madison Avenue mortgage, or the Circlewood Drive

property.  Plaintiff does not even mention the Defendants by name in the body of the Complaint.

　　　Although the standard of review is liberal for *pro se* litigants, it requires more than bare

assertions of legal conclusions.  Here, the Court had to look through exhibits attached to the

Defendants' Motions and the state court docket in the foreclosure action just to deduce how

-10-

these Defendants are connected to Plaintiff.  The very limited information provided by the Plaintiff in the Complaint is insufficient to establish any of the causes of action she lists in her pleading.

      **D.**    **Rooker-Feldman**

      In addition, the Sheriff's Office contends Plaintiff's claims are barred by the Rooker-Feldman Doctrine.  United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*  688 F.3d 290, 298-99 (6th Cir. 2012).

      The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1]  *See District of Columbia Court of Appeals v. Feldman*, 460

---

[1]    28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court.  The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application.  It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court."  *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99.  It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299.  Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  To determine whether Rooker–Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.  If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker–Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there

-12-

is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368–69.  In conducting this inquiry, the court should also consider the Plaintiff's requested relief.  *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011)

In this case, it is not clear from the Complaint whether Plaintiff is attacking the state court judgment and asking this Court to overturn it, or whether she simply did not like the result in state court and is attempting to relitigate the matter in federal court.  To the extent she filed this action in federal court to reverse the state court's judgment of foreclosure or to stop the sheriff's sale of the property pursuant to the state court's order, her claims must be dismissed.  This Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine to entertain those types of claims or to grant that type of relief.

### E.     *Res Judicata*

To the extent Plaintiff filed this action to relitigate matters which were already decided in the state court in the hope of obtaining a more favorable result from this Court, her claims are also barred.  As stated above, federal courts must give the same preclusive effect to a state-court judgments and decisions as those judgments and decisions would receive in the state courts.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).

Under Ohio law, the doctrine of *res judicata* dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties

-13-

or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243 (1982).  Application of the doctrine of *res judicata* does not depend on whether the original claim explored all possible theories of relief.  *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000).  Rather, "a valid, final judgment upon the merits of the case bars any subsequent action 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion.  *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008).  Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).  The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*.  By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc*., 80 Ohio St.3d 212, 217 (1997).  Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

The claims asserted in this case are barred by both issue preclusion and claim preclusion. She could have and did challenge the validity of her mortgage in the state court proceeding.

-14-

The state court issued its opinion, granting judgment in favor of Bayview.  This Court must give full faith and credit to that judgment.

### F.        42 U.S.C. § 1983

Even if Plaintiff's claims were not barred by the Rooker-Feldman Doctrine or *Res Judicata*, her Complaint fails to state a claim upon which relief may be granted.  First, Plaintiff cannot pursue claims under 42 U.S.C. § 1983 against the Law Firm, Bayview or the Cuyahoga County Sheriff's Department.  To establish a prima facie case under 42 U.S.C. § 1983, she must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Generally to be considered to have acted "under color of state law," the Defendant  must be a state or local government official or employee.  The Law Firm and Bayview are private parties, not government officials.  A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state.  *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).  Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state.  *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).  Plaintiff does not allege any facts suggesting Bayview or the Law Firm could be considered state actors.

Furthermore, the Cuyahoga County Sheriff's Office is not  a legal entity capable of being sued for purposes of § 1983.  *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th

-15-

Cir. 2007).   Under Ohio law, a police department or sheriff's office is not a political subdivision or government entity, but rather  a sub-unit of the city government through which the city fulfills its policing functions).  *Williams v. Dayton Police Dept.*, 680 F.Supp. 1075 (S.D. Ohio 1987).  Plaintiff cannot maintain an action against the Sheriff's Office under § 1983.

### G.    42 U.S.C. § 1985

Plaintiff also fails to state a claim for relief under 42 U.S.C. § 1985.  To state a claim for conspiracy under § 1985, Plaintiff must allege: (1) a conspiracy of two or more persons; (2) with the purpose to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) which causes injury to the person or property of Plaintiff or deprivation of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott,* 463 U.S. 825, 828-29 (1983)).  The acts that allegedly "deprived the Plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)).

A Plaintiff fails to state an adequate claim if his or her allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).  Plaintiff must make sufficient factual allegations to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy.  *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993).

Here Plaintiff did not allege facts to suggest the Defendants conspired against her or that the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus.  *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).  She does not mention her race

or suggest she belongs to a protected class which prompted the alleged conspiracy.  In fact, Plaintiff states only that "two or more people did conspire to go in disguise to hold a Sheriff's sale, depriving them...of equal protection of the law in the matter of CV-12-878650."  (Doc. # 1 at 6).  She also states she was misled to believe a valid sale was obtained.  None of these allegations suggest racial or class-based discrimination nor the existence of "meeting of the minds" among the Defendants to engage in a conspiracy.

### H.    Criminal Statutes

Plaintiff also attempts to assert claims against the Defendants under 18 U.S.C. §§ 24, 242, 641, 1341, 1342, and 2315.  These are criminal statutes.  They do not provide a private right of action to litigants in civil actions.  *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

### I.    State Law Claims

The remainder of Plaintiff's claims arise, if at all, under state law.  Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  The Court, however, may exercise discretion in hearing state law matters.  *Id.* at 726.  In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

-17-

## IV.  CONCLUSION

Accordingly, Defendant Law Offices of John D. Clunk's Motion for Judgment on the

Pleadings (Doc. # 6), Bayview Loan Servicing's Motion to Dismiss (Doc. # 8), and the

Cuyahoga County Sheriff's Office's Motion to Dismiss (Doc. # 16) are **GRANTED,** Plaintiff's

Motion to Rule on the Pleadings (Doc. # 2) and Motion for Summary Judgment (Doc. #3) are

**DENIED**, and this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_/s/Dan Aaron Polster 7/20/15_
**Dan Aaron Polster**
**United States District Judge**

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not
taken in good faith.